for stay denied. Present — Lazansky, P. J., Rich, Kapper, Hagarty and Scudder, JJ.

PAR INVESTING CORPORATION, Respondent, v. DUTCH TOWN ESTATES, LTD., Appellant.— Motion to dismiss appeal granted, without costs, and appeal dismissed, with costs. Present — Lazansky, P. J., Rich, Kapper, Hagarty and Scudder, JJ.

THADDEUS PARASCANDOLA, Respondent, v. HOWARD D. HAMMOND, Individually and as the Sole Surviving Partner of the Firm of B. J. SFORZA & COMPANY, Appellant, and JULIUS LEHRENKRAUSS and HOWARD D. HAMMOND, as Executors, etc., of BENJAMIN J. SFORZA, Deceased, Defendants.— Motion for stay granted. Present — Lazansky, P. J., Rich, Kapper, Hagarty and Scudder, JJ.

CARMINE PERCIASEPE, Respondent, v. NATIONAL RESERVE INSURANCE COMPANY OF ILLINOIS, Appellant.— Motion for stay denied, with ten dollars costs. Present — Lazansky, P. J., Rich, Kapper, Hagarty and Scudder, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. DAVID H. BERGMAN, Appellant.— Motion to enlarge time to perfect and argue appeal granted and case set down for May 13, 1929; papers to be served on the district attorney on or before May 1, 1929. Present — Lazansky, P. J., Rich, Kapper, Hagarty and Scudder, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOSEPH MCKENNA, Appellant.— Motion to dismiss appeal granted, and appeal dismissed. Present — Lazansky, P. J., Rich, Kapper, Hagarty and Scudder, JJ

JOHN RAINONE, as Administrator, etc., of CHARLES RAINONE, Deceased, Respondent, v. " 15 AND 5 " TAXI CORPORATION, Appellant.— Motion to dismiss appeal denied upon condition that appellant perfect the appeal for the May term (for which term the case is set down) and be ready for argument when reached; otherwise, motion granted, with ten dollars costs. Present — Lazansky, P. J., Rich, Kapper, Hagarty and Scudder, JJ.

REDONDO STEAMSHIP COMPANY, INC., Respondent, v. IRVING BANK-COLUMBIA TRUST COMPANY, Respondent; INDEMNITY INSURANCE COMPANY OF NORTH AMERICA, Defendant, and KERR STEAMSHIP COMPANY, INC., and BENJAMIN HARRIS, as Receiver in Supplementary Proceedings of FRANK AUDITORE, Appellants.— Motion to amend order dated November 23, 1928, or, in the alternative, to resettle order dated June 4, 1928, denied, with ten dollars costs. Present — Lazansky, P. J., Rich, Kapper, Hagarty and Scudder, JJ.

JANE REILLY, Plaintiff, v. EMPIRE STATE IMPROVEMENT CORPORATION and Others, Defendants. In the Matter of Surplus Money Proceedings: MORRIS WEISS and Others, Appellants; THOMAS F. McGUIRE and Others, Respondents.— Motion for stay denied. Present — Lazansky, P. J., Rich, Kapper, Hagarty and Scudder, JJ.

MICHAEL J. ROSALSKY, Appellant, v. MAX M. RUTCHIK, Respondent, and ELIAS A. BAUM, Appellant.— Motion to dismiss appeal denied upon condition that appellants perfect the appeal for the May term (for which term the case is set down) and be ready for argument when reached; otherwise, motion granted, with ten dollars costs. Present — Lazansky, P. J., Rich, Kapper, Hagarty and Scudder, JJ.

MOSES ROSENTHAL, Respondent, v. FRANK G. BROWN and Others, Copartners, etc., Appellants.— Motion to dismiss appeal denied upon condition that appellants

perfect the appeal for the May term (for which term the case is set down) and be ready for argument when reached; otherwise, motion granted, with ten dollars costs. Present — Lazansky, P. J., Rich, Kapper, Hagarty and Scudder, JJ.

Andrew Sekulski, Appellant, Respondent, v. Josephine Spano and Andrew Spano, Respondents, Appellants, and Alfonso Spano and Others, Defendants.— Motion for reargument denied, with ten dollars costs. Motion for leave to appeal to the Court of Appeals denied. Present — Lazansky, P. J., Rich, Kapper, Hagarty and Scudder, JJ.

James Tooman, Respondent, v. George V. O'Neill and Others, Defendants, and Solomon S. Singer, Appellant.— Motion to extend time to perfect appeal and to have appeals heard together denied, with ten dollars costs. Present — Lazansky, P. J., Rich, Kapper, Hagarty and Scudder, JJ.

James Tooman, Respondent, v. George V. O'Neill and Others, Defendants, and Solomon S. Singer and Others, Appellants.— Motion to dismiss appeal granted, with ten dollars costs, and appeal dismissed, with costs. Present — Lazansky, P. J., Rich, Kapper, Hagarty and Scudder, JJ.

Anna Uravic, as Administratrix, etc., of Anton Uravic, Deceased, Appellant, v. F. Jarka Company, Inc., Respondent, and United American Line, Inc., Defendant.— Motion for reargument denied. Motion for leave to appeal to the Court of Appeals granted. Present — Lazansky, P. J., Rich, Kapper, Hagarty and Scudder, JJ.

Frances Weiss, Respondent, v. Jack Weiss, Appellant.— Motion for stay and release of defendant granted upon condition that within five days from service of the order entered herein appellant give an undertaking, with corporate surety, in the sum of $500, to answer any order or judgment made by the court with regard to the payment of alimony; otherwise, motion denied. Present — Lazansky, P. J., Rich, Kapper, Hagarty and Scudder, JJ.

Samuel Bobier, Respondent, v. Ralph Oliva, Appellant.— Judgment reversed upon the law and the facts, and new trial granted, with costs to appellant. There is such grave doubt as to what the jury meant by the negative answers to the second and third questions submitted that it is necessary there should be a new trial of this action so that, if it be found that the property was sold subject to leases, it may be clearly determined whether or not a provision that the property was so sold was omitted by the mistake of the parties, or by the mistake of one and the fraud of the other. Lazansky, P. J., Hagarty, Seeger, Carswell and Scudder, JJ., concur.

Anna Dowdell, as Administratrix, etc., of Christopher Dowdell, Deceased, Respondent, v. Commercial Stevedoring Co., Inc., Appellant.— Judgment reversed upon the law and the facts, and a new trial granted, costs to appellant to abide the event. A common-law cause of action is alleged by plaintiff in her complaint. The case was tried and submitted to the jury upon the common-law theory. Clearly, negligence, if any, was the negligence of decedent's fellow-servant or servants. This was not the assignment of negligence in the complaint, because upon it plaintiff could not recover, and plaintiff failed to establish any element of negligence pleaded by her. A new trial is granted to permit plaintiff to establish defendant's liability under the so-called Jones Act,* which is not

* See Merchant Marine Act of 1920 (41 U. S. Stat. at Large, 1007), § 33; now U. S. Code, tit. 46, § 688.— [Rep.